UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR VEYTSMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>ACCOUNTS RECEIVABLE TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff ARTHUR VEYTSMAN (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Varacalli & Hamra, LLP, against Defendant ACCOUNTS RECEIVABLE TECHNOLOGIES, INC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed

1

by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

4. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person, is a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its Corporate Headquarters located in Piscataway, NJ.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about October 13, 2016; and (a) the collection letter was sent to a consumer seeking payment of a

personal debt purportedly owed to BMW FINANCIAL SERVICES ("BMW"); and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692f, and 1692g for sending a collection letter which, among other things, charges a convenience fee otherwise not entitled to by Contract, and for engaging in deceptive practices.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if

so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO ARTHUR VEYTSMAN

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Prior October 13, 2016, an obligation was allegedly incurred by Plaintiff to BMW.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. Defendant contends that the alleged obligation is past due.

18. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

19. At a time known only to Defendant, BMW, directly or through an intermediary, contracted Defendant to collect the debt allegedly owed to BMW.

20. In its effort to collect on the obligation, Defendant mailed letters and/or placed a series of phone calls to Plaintiff requesting payment of the alleged debt owed.

21. In its effort to collect on same, Defendant contacted Plaintiff by written correspondence on October 13, 2016.  **(Exhibit A)**.

5

22. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. Said communication states that Plaintiff owes to the BMW a principal amount of $21,454.06.

24. Said communication further states that a charge for $5.65, which it specified as a 'Service Provider Fee' (hereinafter the "Convenience Fee"), may be charged for all payments made by credit or debit card.

25. The communication expressed that Plaintiff may make payment of the debt allegedly owed by credit or debit card.

26. The communication further stated "Your immediate attention to this matter will prevent this office from escalating its collection efforts against this debt."

27. Defendant's actions as described herein are part of a pattern and practice used to collect debts.

28. As set forth in the following Counts Defendant violated the FDCPA.

### COUNT I
### VIOLATIONS OF THE FDCPA
### 15 U.S.C. §§ 1692e and 1692f *et seq.*

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to §§ 1692(e) and (f).

31. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

6

32. Congress adopted the provisions of section 1692f with the stated intent to prohibit debt collectors from attempting collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

33. Defendant's attempt at collecting more than what it initially stated was owed is exactly the type of harm Congress contemplated when enacting Section 1692f.

34. As such, Defendant's violations of the FDCPA created the risk of real harm that the Plaintiff would overpay and thereby incur a significant monetary deficit due to Defendant's actions, when in reality, the amount allegedly owed on the debt would preclude such action.

35. The notification and collection of the $5.65 convenience fee is unlawful. See e.g. *Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (the Court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system…or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account."), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham,* 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (Plaintiff states a viable FDCPA claim by alleging that Defendant collected ort attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt); *Quinteros v. MBI Assocs.,* 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb.27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone).

36. On the back of Defendant's communication, Defendant included a detachable coupon (the "Coupon") which lists two accepted credit cards, a check box next to each, and a slot

of the credit card number and signature of Plaintiff.

37. Directly below the Coupon, Defendant's letter stated "A $5.65 third party service provider fee will be applied for payments via debit card or credit card."

38. On the front of the communication, Defendant's letter states "Remit payment by check by phone, credit card or call our office to discuss."

39. Defendant's Coupon does not provide the consumer an option to pay by check, or provide him a check box to select payment by check on the Coupon.

40. If Plaintiff opts to pay by credit or debit card, he will incur the violative Convenience Fee.

41. Defendant does not provide Plaintiff with a no-Convenience Fee alternative for payment.

42. Consumer is made to believe that there is no free payment alternative.

43. As a result, the consumer is left thinking that he has no choice but to pay the violative Convenience Fee.

44. Defendant's Convenience Fee demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment made over the phone, or by collecting an amount that was not authorized by contract or permitted by law.

45. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

46. Defendant collected, or attempted to collect, an unauthorized Convenience Fee from consumers wishing to pay their alleged debt over the phone, as illustrated on Exhibit A, to at least 50 natural persons residing in the State of New York within one year of the

date of this Complaint.

47. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

48. Defendant violated 15 U.S.C. § 1692e(2)(A) by charging and/or attempting to charge Plaintiff an amount in excess of what was actually owed in the guise of Convenience Fees on Defendant's website.

49. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50. Defendant attempted to collect an amount in excess of which it was authorized to collect by adding a convenience fee in its letter in violation of the FDCPA.

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF THE FDCPA
### 15 U.S.C. §§ 1692e and 1692f *et seq.*

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

53. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

54. Defendant violated 15 U.S.C. § 1692e(2)(A) by charging Plaintiff an amount in excess of what was actually owed in the guise of a Convenience Fee.

55. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee,

charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

56. Defendant attempted to collect an amount in excess of which it was authorized to collect by adding a Convenience Fee in violation of the FDCPA.

57. Specifically, at the time Defendant sent the letter, Plaintiff did not owe the Alleged Creditor a Convenience Fee in the amount of $5.65.

58. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FDCPA
### 15 U.S.C. §§ 1692d, 1692e, 1692f  *et seq.*

59. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "59" herein with the same force and effect as if the same were set forth at length herein.

60. Pursuant to §1692d, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The statute continues that "The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person" is a violation of §1692d. *Id*. at §1692d(1).

61. Pursuant to §1692f, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The statute continues that a debt collector's action in "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if - there is no present intention to take possession of the

property," is a violation of §1692f. *Id*. at §1692f(6)(B).

62. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. Pursuant to §1692e(5), A debt collector may not "threat[en] to take any action that cannot legally be taken or that is not intended to be taken."

64. While §1692d-§1692f specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

65. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

66. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

67. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading concerning Plaintiff's right to dispute the debt by something other than in writing, it is deceptive within the meaning of the FDCPA.

68. In the instant case, Defendant's letter stated "Your immediate attention to this matter will prevent this office from escalating its collection efforts against this debt."

69. The letter fails to explain what type of action will be taken by the Defendant and when such action will be taken.

70. The letter fails to explain that no illegal or unlawful action will be taken by Defendant to collect the debt.

71. The above mentioned statement may be interpreted by the least sophisticated consumer to threaten to use violence or other criminal means to harm the physical person, reputation,

or property of Plaintiff.

72. The above mentioned statement may be interpreted by the least sophisticated consumer to take or threatening to take nonjudicial action to effect dispossession or disablement of Plaintiff's property when no present intention to take possession of such property exists.

73. The above mentioned statement may be interpreted by the least sophisticated consumer to threaten to use violence or other criminal means to harm the physical person, reputation, or property of Plaintiff.

74. The above mentioned statement may be interpreted by the least sophisticated consumer to threaten to take action that cannot legally be taken or that is not intended to be taken.

75. As a result of the expression of such statement, and a failure to include an explanation thereto, Defendant violated §1692d-§1692f.

76. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d, 1692e and 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Salim Katach, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 22, 2017

Respectfully submitted,

By: /s/ Salim Katach
Salim Katach, Esq. (SK0924)
Varacalli & Hamra, LLP
110 East 59th Street, Suite 3200
New York, New York 10022
Phone: (646) 590-0571
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

By: /s/ Salim Katach
Salim Katach, Esq. (SK0924)

Dated: August 22, 2017